IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HASBBIN SUGHAYYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, a municipal corporation, and OFC. RUDOLPH GARZA and OFC. SEAN CAMPBELL, | ) ) ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, HASBBIN SUGHAYYER, by and through her attorney, MARK PARTS of PARTS & SPENCER, LTD., for her Complaint against Defendant CITY OF CHICAGO, a municipal corporation, and individual Defendants OFC. RUDOLPH GARZA and OFC. SEAN CAMPBELL, alleges as follows:

THE PARTIES

1. HASBBIN SUGHAYYER is a resident of Burbank, Illinois.

2. Defendant CITY OF CHICAGO is a legal entity incorporated under the laws of the State of Illinois.

3. Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL are City of Chicago Police officers, who, at all times pertinent hereto, acted in their capacity as officers and employees of Defendant CITY OF CHICAGO's Police Department and acted under color of law.

JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). This Court has jurisdiction over Plaintiff's

state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this District because all the conduct complained of herein occurred in this District.

SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

6. On July 20, 2008, Plaintiff HASBBIN SUGHAYYER was driving eastbound on 63rd Street in Chicago, IL.

7. At that place and time, Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL signaled to Plaintiff HASBBIN SUGHAYYER to stop her vehicle and pull over. Plaintiff HASBBIN SUGHAYYER complied and pulled over and stopped her vehicle.

8. Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL confronted Plaintiff HASBBIN SUGHAYYER and proceeded to make sexually and ethnically offensive remarks to Plaintiff HASBBIN SUGHAYYER.

9. Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL verbally harassed Plaintiff HASBBIN SUGHAYYER about the way she was dressed and joked about her working in a strip club. During the course of the encounter, Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL made reference to the Middle Eastern heritage and Muslim religion of Plaintiff HASBBIN SUGHAYYER, suggesting that she was a terrorist. Defendant OFC. RUDOLPH GARZA also displayed a military tattoo to Plaintiff HASBBIN

SUGHAYYER, talked about his history in the military, and spoke of the military killing her people.

10. Defendant OFC. RUDOLPH GARZA physically abused Plaintiff HASBBIN SUGHAYYER. The physical abuse of Plaintiff HASBBIN SUGHAYYER included but was not limited to Defendant OFC. RUDOLPH GARZA handcuffing her too tight, resulting in injury to her wrists; pulling her forcibly by the handcuffs, causing her to trip and fall and sustain ankle and knee injuries; and pressing his body against hers as she was handcuffed in the back seat of the squad car, causing bruising to her abdomen.

11. At the time that Defendant OFC. RUDOLPH GARZA engaged in the physical abuse upon Plaintiff HASBBIN SUGHAYYER, there was no justification for said abuse.

12. Plaintiff HASBBIN SUGHAYYER was arrested by Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL and was taken to the City of Chicago Police Station and was there detained under demeaning and dehumanizing conditions. Plaintiff HASBBIN SUGHAYYER was thereafter transferred to another Chicago Police Department holding facility and from there to the Cook County Correctional Center, where she continued to experience demeaning and dehumanizing conditions.

13. Plaintiff HASBBIN SUGHAYYER was falsely charged with failure to signal and possession of a controlled substance. Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL knew that the charges were improper and that there was no basis to detain or charge Plaintiff HASBBIN SUGHAYYER.

14. In the course of her detention, Plaintiff HASBBIN SUGHAYYER had jewelry and money taken from her, which was not returned to her upon her release from detention.

15. On August 12, 2008, the charge against Plaintiff HASBBIN SUGHAYYER of possession of a controlled substance was dismissed on a finding of no probable cause and the charge of failure to signal was dismissed on a motion by the State to *nolle pros*.

16. As a direct and proximate result of the misconduct of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL, Plaintiff HASBBIN SUGHAYYER suffered the loss of liberty and was caused to suffer and continues to suffer physical and mental pain and anguish.

17. The acts, conduct, and behavior of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

(42. U.S.C. § 1983 Monell Claim Against Defendant CITY OF CHICAGO)

18. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

19. The actions of Defendant OFC. RUDOLPH GARZA as alleged above constitute excessive force in violation of the Fourth and Fourteenth Amendments and were done pursuant to one or more policies, practices and/or customs of Defendant CITY OF CHICAGO. The actions of Defendant OFC. RUDOLPH GARZA and Defendant

OFC. SEAN CAMPBELL as alleged above constitute deprivation of equal protection of the law in violation of the Fourteenth Amendment and were done pursuant to one or more policies, practices and/or customs of Defendant CITY OF CHICAGO. The actions of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL as alleged above constitute a false arrest in violation of the Fourth and Fourteenth Amendments and were done pursuant to one or more policies, practices and/or customs of Defendant CITY OF CHICAGO.

20. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

21. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

22. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department use excessive force on citizens, falsely arrest citizens and deprive citizens of equal protection of the law, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

23. Defendant CITY OF CHICAGO does not properly investigate police use of excessive force, false arrests and deprivation of equal protection of the law or properly discipline officers for those acts.

24. Defendant CITY OF CHICAGO deliberately fails to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established. These actions deliberately further the concealment of police misconduct.

25. When citizens complain to the Chicago Police Department that they have been subjected to violations of their rights by Chicago Police Officers, the Department's policy and practice is to affirmatively discourage those persons from pursuing criminal charges against the offending police officers; the Department's training in that regard is equally deficient. This policy and practice and lack of adequate training encourage Chicago Police Officers, such as the Defendants in this case, to violate the rights of citizens without fear of legal consequences.

26. Municipal policymakers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

27. The aforementioned policies, practices, and customs of failing to supervise, control and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiff's injuries.

28. Defendant CITY OF CHICAGO and its relevant policymakers have failed to act to remedy the patterns of abuse describe in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

29. The policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

30. The aforementioned policies, practices and customs individually and together have been maintained and implemented with deliberate indifference by the CITY OF CHICAGO and have encouraged the individual defendants to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and plaintiff's injuries.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against the Defendant CITY OF CHICAGO with Plaintiff being awarded compensatory damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT II

(42 U.S.C. § 1983, Excessive Force Claim)

31. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

32. As described above, Defendant OFC. RUDOLPH GARZA used and caused to be used unjustified force against Plaintiff HASBBIN SUGHAYYER.

33. The above-described conduct by Defendant OFC. RUDOLPH GARZA against Plaintiff was without cause or justification and violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution,

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983, Equal Protection)

34. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

35. As described above, Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL violated the right of Plaintiff HASBBIN SUGHAYYER to equal protection under the laws and to be free from discrimination on account of sex, religion and ethnicity.

36. The above-described conduct by Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL violated Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution,

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL,

awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT IV

(42 U.S.C. § 1983, False Arrest Claim)

37. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

38. The actions of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL caused the false arrest and lodging of false criminal charges against Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL, awarding compensatory and punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

## COUNT V

(Battery)

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

40. The above-described harmful, unjustified and offensive contact by Defendant OFC. RUDOLPH GARZA constituted battery under the common law of Illinois.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VI

(Intentional Infliction of Emotional Distress)

41. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

42. The conduct described above of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL was intentional and done with disregard for the safety and rights of Plaintiff HASBBIN SUGHAYYER. Said actions by the individual defendants were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VII

(Malicious Prosecution)

43. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-17, as if set forth in full herein.

44. The above conduct of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL caused the institution of judicial proceedings against plaintiff HASBBIN SUGHAYYER which have been terminated in her favor. Said conduct of Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL was without probable cause and with malice and resulted in significant suffering by plaintiff HASBBIN SUGHAYYER.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VIII

(Respondeat Superior)

45. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

46. In committing the acts alleged in the preceding Counts, Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL, and any other responsible officers of the Chicago Police Department, were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

47. Additionally, the officer or officers responsible for the disappearance of Plaintiff's jewelry and money were also members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

48. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant CITY OF CHICAGO awarding compensatory damages on the state law claims of battery, intentional infliction of emotional distress and malicious prosecution, and for conversion of Plaintiff's property, and that this Court grant such further relief as the Court deems just.

COUNT IX

(State Law Indemnification)

49. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

50. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL were employees of Defendant CITY OF CHICAGO who acted within the scope of their employment in committing the misconduct described herein.

51. Moreover, Plaintiff is a third-party beneficiary of a contract between Defendant CITY OF CHICAGO and the union(s) representing OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL, in which contract Defendant CITY OF CHICAGO has obligated itself to pay for all judgments for compensatory damages, attorneys' fees and costs against Defendants OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant CITY OF CHICAGO for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendant OFC. RUDOLPH GARZA and Defendant OFC. SEAN CAMPBELL.

## JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

 /s Mark Parts
Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 1925
Chicago, IL  60602
312-920-0990
mparts@pslegal.net
Illinois Atty. No.:  6203617