# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4350 | **DATE** | 6/6/2011 |
| **CASE TITLE** | Hasbbin Sughayyer vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motions in Limine [89] and Defendants' Motions in Limine [82-88, 90-95] are ruled upon as indicated in the Statement portion of this minute order.

■[ For further details see text below.]

Mailed notice.

## STATEMENT

Plaintiff Hasbbin Sughayyer filed suit against Defendants the City of Chicago (the "City"), Officer Rudolph Garza, and Officer Sean Campbell, alleging that they violated 42 U.S.C. § 1983 by using excessive force against her during the course of a traffic stop, falsely arresting her, and denying her equal protection of the laws. Plaintiff further alleges that Officer Garza battered her, and that he and Officer Campbell both subjected her to intentional infliction of emotional distress and malicious prosecution in violation of Illinois state law. Plaintiff also seeks to recover against the City under theories of *respondeat superior* and indemnification. The case is set for trial on June 13, 2011.

Currently before the Court are the parties' motions in limine. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). *See also Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) ("A motion in limine is a request for the court's guidance concerning an evidentiary question.") District courts have broad discretion in ruling on motions in limine, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008). Otherwise, rulings should be deferred until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context. *Id. See also Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007).

"The denial of a motion in limine does not mean that the evidence is necessarily admissible, rather, it means only that the party moving in limine has not demonstrated that there is no possible basis for the admission of the evidence." *More v. City of Braidwood*, No. 08 C 5203, 2010 WL 3547964, at *1 (N.D. Ill. Sept. 7, 2010). Accordingly, "[t]rial judges may alter prior 'in limine rulings, within the bounds of sound

judicial discretion.'" *Kiswani*, 247 F.R.D. at 557 (quoting *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)). With these principles in mind, the Court addresses each motion in limine below.

**PLAINTIFF'S MOTIONS IN LIMINE**

**1. Motion to bar any implication that the amount of verdicts increases taxes or the cost of living**

This motion is granted without objection.

**2. Motion to bar reference to any conviction of the plaintiff or any of plaintiff's witnesses**

This motion is granted. Defendants seek to offer evidence that Plaintiff was arrested in 2001 for driving under the influence of an intoxicating compound, and that she was arrested in 2002 for obstruction of traffic and criminal damage to property. Plaintiff was convicted of the latter charge and sentenced to one year of supervision. Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." In that regard, "[a]rrests that have not led to convictions are classic candidates for exclusion under [Rule] 404(b)." *Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003). At the same time, evidence of other crimes may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Caldwell v. City of Chicago*, No. 08 C 3067, 2010 WL 380696, at *1 (N.D. Ill. Jan. 28, 2010) (quoting FED. R. EVID. 404(b)).

Defendants first argue that the evidence is admissible because Plaintiff denied engaging in the conduct described in the arrest reports related to these incidents in 2001 and 2002 and claimed the police officers acted inappropriately, just as she has done in connection with her arrest by Defendants Garza and Campbell in July 2008. Defendants therefore argue that the evidence from 2001 and 2002 is admissible under Rule 404(b) to demonstrate Plaintiff's "modus operandi" of making complete denials and accusations. Of course, in making this argument, Defendants assume that the police reports in each instance are accurate and Plaintiff's contrary version of events is not. This Court cannot make such an assumption when deciding the admissibility of evidence, and is not prepared to hold mini-trials concerning the alleged conduct from many years ago. Further, even assuming that Plaintiff's denials of wrongdoing and accusations of inappropriate conduct by the police were false, this Court is not persuaded that a pattern and "modus operandi" is sufficiently shown given that there were only two prior arrests and they occurred over six years before the conduct at issue in this case. It is also worth noting that Plaintiff's claims of inappropriate police conduct in the prior cases were quite different from what is alleged here. In the prior cases, the inappropriate conduct by the police was essentially arresting her without justification. In addition, she said the officers involved in the 2001 arrest failed to tell her why she was arrested and asked her personal questions. The alleged inappropriate conduct in this case goes well beyond this: she claims that one of the officers pressed his body against her so hard that it caused bruising and made sexually and ethnically offensive remarks (among other conduct).

Defendants next argue that the evidence is admissible on the topic of damages. They contend that the jury should be allowed to consider what portion of Plaintiff's claimed emotional distress may be attributable to prior inappropriate conduct by police officers in 2001 and 2002 rather than to Defendants Garza and Campbell in 2008. This Court disagrees that the evidence is

relevant for this purpose given the long passage of time between the prior arrests and the arrest at issue in this case, as well as the dissimilarity in the nature of the alleged police misconduct. In light of this, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Defendants also note that it is "possible" that they may seek to introduce evidence that Plaintiff was arrested in 2002 for violating an order of protection and subsequently found guilty and sentenced to one year of supervision. Plaintiff states that the conviction was later expunged. Defendants argue that this evidence may relate to the issue of damages, namely, Plaintiff's alleged "fear of police." Defendants also argue that it is possible Plaintiff will open the door to this evidence through other means. Since the Court was not provided with any details concerning the circumstances leading up to the arrest, the Court is unable to rule on the admissibility of such evidence. Defendants may not refer to this evidence without advance permission from the Court.

3. **Motion to bar use of police resources to conduct background checks on potential or sitting jurors**

This motion is granted without objection.

4. **Motion to bar evidence, testimony or argument concerning proof or confirmation of PCP, the Illinois State Police Laboratory Report and the Police Inventory Report regarding suspect PCP**

This motion is granted in part and denied in part. To the extent Plaintiff alleges that Defendant police officers planted the vial of liquid in her car, the Court finds it relevant that the vial in fact contained PCP. The Court agrees with Plaintiff that the Illinois State Police Laboratory Report and Police Inventory Report may not be admitted into evidence to prove that the liquid in the vial contained PCP, so this aspect of the motion is granted. But the Court denies the motion to the extent that it seeks to exclude forensic scientist Paul Titus from testifying on this issue. Plaintiff argues that the testimony should be excluded based on a lack of disclosure and failure to provide an expert report from Mr. Titus. The Court disagrees. On November 20, 2009, Defendants disclosed Mr. Titus as a forensic scientist expected to have knowledge about the testing of the evidence impounded in relation to Plaintiff's arrest. At that same time, Defendants disclosed the Laboratory Report of the Division of Forensic Services of the Illinois State Police, which sets forth what the substance of Mr. Titus's testimony would be. Plaintiff did not seek to depose Mr. Titus after this disclosure. On May 18, 2011, Defendants disclosed Mr. Titus under FED.R.CIV.P. 26(a)(2)(C) and confirmed that he was expected to testify consistently with the Laboratory Report; namely, that based upon forensic testing, he found that the liquid in question was PCP. Defendants also informed Plaintiff that they would agree to a deposition of Mr. Titus at some point prior to trial but did not receive a response. Under all the circumstances, this Court finds that the disclosure was adequate and that Plaintiff will not suffer any unfair prejudice if Mr. Titus is allowed to testify.

5. **Motion to bar evidence of the circumstances under which the attorney for plaintiff was employed or retained, or the fees or contingent contract under which the attorney has been retained**

| STATEMENT |
|---|

This motion is granted without objection, except to the extent that Defendants seek to elicit the approximate date when Plaintiff retained her attorney. The Court defers until trial any ruling on the admissibility of evidence concerning when the attorney was retained.

**6.     Motion to bar any detail concerning history of military service of the defendants or any witnesses**

The motion is denied, however, Defendants Garza and Campbell may only briefly describe any military service when summarizing their background and prior employment. The Court defers until trial any ruling on whether the officers may go beyond this in the event that Plaintiff questions Defendant Garza concerning his military service.

**7.     Motion to bar any attempts to bolster credibility of defendants and other police department personnel through dress or testimony reflecting medals, commendations or other potentially prejudicial information as to the nature of their duties, their character or their record of service**

This motion is granted without objection to the extent that it seeks to bar evidence as to commendations, awards, and medals given to Defendants Garza and Campbell. The motion is denied to the extent that it seeks to prohibit Defendants Garza and Campbell from wearing their uniforms in the courtroom. As Defendants point out, both officers were wearing their uniforms when they allegedly committed the acts that are the subject of the lawsuit and are being sued as police officers. The Court defers until trial any ruling as to the admissibility of the officers' training.

**8.     Motion to bar any reference that plaintiff has asked for a greater amount of money than she actually expects to be awarded and/or any reference to, any comment or mention that an award to the plaintiff would be like winning the lottery, that the plaintiff's request for damages constitutes any type of get-rich-quick scheme, welfare program or the like**

This motion is denied. The Court will rule during the trial on any objections to arguments of this nature.

**9.     Motion to bar evidence of any other civil lawsuits filed by plaintiff**

This motion is granted. To the extent that Defendants wish to elicit evidence of other lawsuits filed by Plaintiff, they must seek advance permission from the Court.

**10.    Motion to bar testimony of any witnesses not properly disclosed as required by Federal Rule of Civil Procedure 26(a)(1), 26(a)(2) and 26(e), and motion to exclude witnesses from the courtroom during testimony**

The motion to exclude witnesses from the courtroom during testimony is granted without objection. The motion to bar testimony of witnesses not properly disclosed is deferred until such time as the parties identify specific witnesses.

**11.    Motion to bar evidence that the defendant officers were not disciplined following the July 20, 2008 incident with plaintiff**

| **STATEMENT** |
|---|

  This motion is granted. As always, the Court may revisit this ruling in the event that Plaintiff elicits testimony that arguably opens the door to such evidence.

**12. Motion to bar reference to any other prior or subsequent traffic stops or arrests or related adverse adjudications or convictions as to the plaintiff other than previous contact involving defendant officers**

  This motion is granted. See ruling in response to Plaintiff's motion in limine 2.

**13. Motion to bar reference, testimony or documentary evidence concerning a search warrant obtained on July 24, 2008 and a search conducted on July 26, 2008 at 6220 W. 65th Street in Chicago**

  This motion is granted; however, the Court may allow evidence of the search in the event that Plaintiff's cross-examination of Defendants Garza and Campbell opens the door to such evidence.

**14. Motion to bar any reference, testimony or suggestion that plaintiff consumed drugs or alcohol**

  This motion is granted except to the extent that it seeks to exclude testimony from Ms. Portalatin that she and Plaintiff used PCP on July 20, 2008 and had done so on prior occasions (without details concerning the prior occasions). Such evidence is admissible given Plaintiff's claim that the vial of PCP found in her car on July 20, 2008 was planted by Defendants Garza and Campbell.

**15. Motion to bar reference to any other police activity involving plaintiff or incidents that did not involve the defendant officers**

  This motion is granted. See ruling in response to Plaintiff's motion in limine 2.

**16. Motion to bar evidence that plaintiff has received or is entitled to receive benefits of any kind or character from a collateral source**

  This motion is granted. In the event that Defendants wish to introduce such evidence on the issue of damages, they must seek advance permission from the Court.

**17. Motion to bar any reference or statement that plaintiff had any prior or subsequent unrelated medical condition**

  This motion is granted. In the event that Defendants wish to introduce such evidence on the issue of damages, they must seek advance permission from the Court.

**18. Motion to bar any reference or statement that the defendants did not have a fair opportunity to communicate with any health care provider**

  This motion is granted without objection.

**STATEMENT**

**19. Motion to bar any reference to the outcome of the City auto impound hearing**

This motion is granted; however, the Court will consider a limiting instruction. Defendants are to draft a proposed limiting instruction and then provide it to Plaintiff for review before submitting it to the Court.

**20. Motion to bar any mention or inference that the defendants will endure financial hardship or may file for bankruptcy, are currently bankrupt, or unable to pay any judgment against them, or introduction of any mention of the financial status of the individual defendants other than specifically as it relates to the claim for punitive damages**

This motion is granted since it does not seek to bar evidence of the financial condition of defendants Garza and Campbell if offered in relation to the claim for punitive damages.

**21. Motion to bar any reference to public aid or public assistance with respect to payment of plaintiff's medical bills or as a source of income for plaintiff**

This motion is granted without objection.

**22. Motion to bar any reference or argument attempting to blame or hold plaintiff responsible for any missing witnesses**

This motion is granted without objection.

**23. Motion to bar individuals referenced in Doc. 100-1, Ex. B from testifying at trial, motion to bar any comment, testimony, questioning or innuendo concerning any alleged offer of money by plaintiff in exchange for testimony, and motion to strike Doc. 100-1, Ex. B as an exhibit**

This motion is granted for the reasons stated in open court. The Court will reconsider the ruling in the event that Defendants present independent and credible evidence that the persons who contacted Ms. Portalatin were acting as agents of Plaintiff.

**DEFENDANTS' MOTIONS IN LIMINE**

**1. Motion to exclude witnesses from the courtroom**

This motion is granted without objection.

**2. Motion to bar evidence or testimony regarding matters unrelated to the underlying incident**

This motion is granted to the extent that it seeks to bar Plaintiff from referring to alleged instances of misconduct by other Chicago police officers.

| **STATEMENT** |
|---|

**3.      Motion to bar plaintiff from creating adverse trial publicity against defendants**

This motion is denied as unnecessary. Plaintiff's counsel have indicated that they will abide by the rules of the United States District Court for the Northern District of Illinois which includes Local Rule 83.56.1 concerning statements to the media.

**4.      Motion to bar evidence, testimony or argument that defendant police officers may be indemnified by the City for any compensatory damages entered against them and that the City is paying for the defense of the case**

This motion is granted, subject to reconsideration at trial if the defendant officers or their witnesses suggest that the officers are personally responsible for an award of damages or that they may face financial hardship or impoverishment as a result of an adverse verdict in the case.

**5.      Motion to bar plaintiff from presenting testimony, evidence or argument that the jury should send a message with its verdict**

This motion is denied. The Court will rule on any objections to arguments of this nature as they arise during the trial.

**6.      Motion to bar plaintiff from presenting testimony or evidence relating to an alleged "code of silence" or relating to any other allegation under the dismissed Count I of plaintiff's complaint**

This motion is granted only to the extent that it seeks to bar use of the phrase "code of conduct" to describe a general and purported code among all police officers.

**7.      Motion to bar evidence of lay opinions**

This motion is denied except to the extent that Plaintiff or her father seek to offer testimony as to psychological diagnoses or other medical topics not based on their personal knowledge and observation.

**8.      Motion to bar references and evidence of civilian complaints, lawsuits, and unrelated conduct of defendant officers**

This motion is granted. During discovery, Plaintiff was provided with a list of complaints against Defendants Garza and Campbell within the past five years. In addition, Defendant Garza testified at his deposition about having been a defendant in another lawsuit. Plaintiff has informed the Court that she does not intend to elicit evidence concerning any other lawsuits involving the officers. Nor does she seek to offer into evidence the written complaints that were filed against the officers. She does, however, wish to call to the witness stand five individuals who filed complaints against the officers so she can elicit their testimony concerning the alleged wrongdoing of the officers. Plaintiff argues that such evidence is admissible under Federal Rule of Evidence 404(b) since "[e]vidence of a history of improper police practices has often been acknowledged to be probative and admissible in civil rights cases against police officers." (Doc. 99, at 6). The Court finds that the evidence is inadmissible under Federal Rule of Evidence 403 since the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of

| **STATEMENT** |
|---|

the issues. There has been no finding that the officers engaged in the alleged misconduct; the officers denied the allegations and the Office of Professional Standards/Independent Police Review Authority did not sustain the complaints. Allowing such evidence would not only be unfair (if the allegations were to turn out to be unfounded), but would result in five mini-trials within the trial that would potentially confuse the jury. This Court is also not persuaded that the misconduct alleged by the five witnesses is sufficiently similar to be admissible under Rule 404(b) for a purpose other than proving propensity.

**9.     Motion to bar evidence relating to cell phone records of defendants Garza and Campbell**

This motion is denied for the reasons stated in open court.

**10.    Motion to bar evidence relating to the unrelated alleged events of August 4, 2007**

This motion is granted. See ruling in response to Defendants' motion in limine 8.

**11.    Motion to bar Dr. David Krueger's testimony as to any matters other than his treatment of plaintiff**

This motion is granted in part and denied in part. As stated in open court, Dr. Krueger may offer testimony regarding his treatment, diagnosis and observation of Plaintiff following the incident on July 20, 2008, including his belief that Plaintiff's injuries were consistent with the trauma she described to him. Dr. Krueger may not state, however, that Defendant police officers caused Plaintiff's injuries. Nor may he offer testimony regarding Plaintiff's prognosis, which he formulated on August 26, 2010, more than a year after he last saw Plaintiff on March 31, 2009.

**12.    Motion to bar any testimony or evidence from Dr. David Krueger regarding his experience with other patients allegedly injured by the police**

This motion is granted without objection.

**13.    Motion to bar any testimony or evidence relating to conversion of plaintiff's jewelry or money or any purported conversion claim**

This motion is granted in part and denied in part. Defendants first object that Plaintiff never alleged a conversion claim in her complaint. To do so, Plaintiff needed to set forth facts showing "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over a plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property; and (4) a demand for possession of the property." *Small v. Sussman*, 306 Ill. App. 3d 639, 647-48, 713 N.E.2d 1216, 1222 (1st Dist. 1999). *See also MacNeil Automotive Prods., Ltd. v. Cannon Automotive Ltd.*, No. 08 C 139, 2010 WL 4823592, at *1 (N.D. Ill. Nov. 19, 2010).

Here, Plaintiff alleges that "[i]n the course of her detention, [she] had jewelry and money taken from her, which was not returned to her upon her release from detention." (Doc. 1 ¶ 14). She further claims that "the officer or officers responsible for the disappearance of [her] jewelry and money were members of, and agents of, the Chicago Police Department acting at all relevant times

| STATEMENT |
|---|

within the scope of their employment." (Doc. 1 ¶ 47). The Court is satisfied that this suffices to state a claim for conversion. Notably, Defendants sought and received discovery relating to Plaintiff's lost property, so they will not be prejudiced by having to defend the claim at trial.

Defendants also insist that the City cannot be liable for any alleged conversion committed by its employee officers. Defendants acknowledge that an employer "may be held liable for the negligent, willful, malicious or criminal acts of its employees where such acts are committed in the course of employment and in furtherance of the business of the employer." *Rubin v. Yellow Cab Co.*, 154 Ill. App. 3d 336, 338, 507 N.E.2d 114, 115 (1st Dist. 1987). An employer will not be liable, however, for acts committed solely for the benefit of the employee. *Id.* Defendants argue that the alleged conversion neither benefitted the City nor furthered its business purpose. To the contrary, the "alleged conversion significantly deviates from the type of conduct generally associated with individuals employed in the Chicago police department." (Doc. 95, at 3).

Defendants find the facts of this case similar to those in *Starr v. Leininger*, 198 Ill. App. 3d 622, 556 N.E.2d 266 (3d Dist. 1990), where a nursing home employee allegedly stole a ring from a resident of the facility. *Id.* at 622-23, 556 N.E.2d at 267. After the resident died, his executor sued the nursing home for the value of the ring, but an Illinois Appellate Court found no basis for *respondeat superior* liability. The court explained that "the theft of the ring was not in furtherance of the business of the employer" and "the employer did not benefit from the theft." *Id.* at 624, 556 N.E.2d at 268.

Plaintiff argues that this case is distinguishable from *Starr* because unlike the nursing home employee who had no business handling a resident's property, "the City's procedures require that the jewelry be taken in conjunction with processing of a detainee, after which it is supposed to be inventoried and then returned upon request." (Doc. 99, at 18). Given that City employees were under an affirmative duty to take and inventory Plaintiff's property upon her arrest and detention, the Court can imagine circumstances under which the City could be liable for the improper conversion of that property under a theory of *respondeat superior*. That said, the Court also accepts Plaintiff's suggestion that the City "modify the jury instruction as to conversion to instruct the jury that they should not find against the City on the conversion count if they find that Plaintiff's property was taken by City employees for purely personal purposes." (*Id.* at 19).